IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

NO. 95-40050
Summary Calendar
_____


SABINE INDEPENDENT SEAGOING
OFFICERS ASSOCIATION,                          Plaintiff-Appellant,

versus

SABINE TOWING AND TRANSPORTATION
COMPANY, INC.,                                 Defendant-Appellee.
_____

Appeal from the United States District Court for the
Eastern District of Texas
(93 CV 161)
_____

(     Augusst 30, 1995     )

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge[*]:

This appeal arises from a dispute concerning the Layoff Severance Pay ("LSP") clause in the Collective Bargaining Agreement (the "Agreement") drafted on February 9, 1990 between Plaintiff-Appellant Sabine Independent Seagoing Officers Association (the "Association") and Defendant-Appellee Sabine Towing and Transportation Company, Inc. ("Sabine"). On March 13, 1992, Sabine sold all of its assets to a newly formed subsidiary of the Kirby

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

Corporation ("Kirby"). The sale ended the employment of the Association members with Sabine. When Sabine refused to pay the Association members under the LSP clause of the Agreement, the Association filed a grievance to the district court, which subsequently compelled arbitration[1].

At the conclusion of the three-day arbitration hearing, the arbitrator issued an Opinion and Award denying the Association's grievance. The arbitrator concluded that the sale of all assets of Sabine and the transfer of all of its employees Kirby caused no loss of jobs, and thus, the LSP clause was not triggered. The Association then filed a Motion to Vacate the Arbitrator's Award and Motion for Summary Judgment based upon the clear and unambiguous language of the LSP provision, which the district court denied. We affirm.

I.

Our review of the district court's confirmation of the arbitration award is *de novo*. *Anderman/Smith Operating Co. v. Tenn. Gas Pipeline Co.*, 918 F.2d 1215, 1218 n. 2 (5th Cir. 1990), *cert. denied*, 501 U.S. 1206, 111 S.Ct. 2799, 115 L.Ed.2d 972 (1991) (citing *Delta Queen Steamboat Co. v. Dist. 2 Marine Eng'rs Ben. Ass'n*, 889 F.2d 599, 602 (5th Cir. 1989), *cert. denied*, 498 U.S. 853, 111 S.Ct. 148, 112 L.Ed.2d 114 (1990)). However, our review of the arbitration award itself is extremely limited. *Id.* at 1218. "This Court must sustain arbitration awards even if it does not

_____

[1] *Sabine Indep. Seagoing Officers Ass'n v. Sabine Towing and Transp. Co.*, 805 F. Supp. 430, 436 (E.D. Tex. 1992).

2

agree with the arbitrator['s] interpretation of the contract," *Id.*, so long as the arbitrator's decision "draws its essence" from the contract. *Id.* (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987)).

II.

The Article VI, Section 3 of the Agreement provides that

> [a]ny officer with three (3) or more years service will be entitled to one (1) months pay for each year of service up to a maximum of twelve (12) months. The pay will be at the rate for the position sailing in at the time of layoff. The will not apply to anyone who resigns or is discharged of [sic] cause.

The arbitrator found that the language contained in the LSP clause was ambiguous regarding the meaning of the term "layoff." To determine the meaning of the language used in the Agreement, the arbitrator reviewed the language of the LSP clause itself, the relevant bargaining history in the drafting of the Agreement and the circumstances surrounding the sale of Sabine's assets to Kirby.

After reviewing the bargaining history, the arbitrator concluded that the LSP clause was not contemplated as a response to an asset sale where no work was lost. The arbitrator also found that the new conditions occurring after the sale of Sabine's assets included no loss of employment, no requirement to reapply for work after the asset sale, no change in job duties or responsibilities, but did include an offer of a salary increase. Although Kirby's subsidiary was unwilling to accept LSP liability, it was willing to credit Association members with their prior service for purposes of seniority under a new agreement. Thus, the arbitrator found that

3

the Association's refusal to accept a comparable offer, which included a seniority carryover, barred the Association from collecting under the LSP clause. Following the sale of Sabine's assets to Kirby, the Association refused to sign a renegotiated agreement that contained terms and conditions substantially the same as those under its prior Agreement with Sabine. Therefore, the arbitrator concluded, the Association in essence waived its right to claim LSP based on an argument that it was denied seniority and a new contract.

After review of the record and arbitration award, we find that the arbitration award is rationally inferable from the language, history and context of the Agreement. The arbitrator was permitted to conclude that no layoff that would have triggered the LSP clause had occurred. Even if we would have interpreted the LSP clause differently, our standard of review requires us to defer to the arbitrator's interpretation of the Agreement. *Anderman/Smith Operating Co.*, 918 F.2d at 1219. Therefore, we confirm the arbitrator's award denying the Association's grievance.

## III.

For the reasons stated above, the judgment of the district court is affirmed; the arbitrator's award is confirmed.

AFFIRMED.